# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| SHARNIEL NATHANIEL BAKER,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY SERVICES GROUP,<br>MS. TILLMAN,<br>MICHAEL A. BORGESE,<br>WILLIAM H. MARTIN, JR.,<br>CORRECT CARE SOLUTIONS and<br>MS. KELLY,<br><br>Defendants. | Civil Action No. TDC-19-3661 |

## MEMORANDUM OPINION

Plaintiff Sharniel Nathaniel Baker, an inmate currently confined at the Maryland Reception, Diagnostic, and Classification Center in Baltimore, Maryland, has filed a Complaint under 42 U.S.C. § 1983 alleging that while detained at the Jennifer Road Detention Center ("JRDC") in Anne Arundel County, Maryland, a pretrial detention facility, he was subjected to constitutional violations when he was forced to work seven days a week while paid only $2.00 per day, removed from his job and improperly disciplined for refusing to wear work boots with labels stating that the boots cause cancer, and denied adequate medical care after a fall in the kitchen. Defendants Michael Borgese, the JRDC Facility Administrator; William Martin, the JRDC Acting Superintendent; and Kelly Kanvin, a case manager at JRDC (collectively, "the County Defendants"), have filed a Motion to Dismiss. Correct Care Solutions ("CCS"), the medical provider at JRDC, has also filed a Motion to Dismiss. The Motions are fully briefed, and having reviewed the Complaint and the submitted materials, the Court finds no hearing necessary. *See* D.

Md. Local R. 105.6. For the reasons set forth below, Defendants' Motions will be GRANTED. For the same reasons, the claims against Defendants Trinity Services Group ("Trinity") and Ms. Tillman (collectively, "the Trinity Defendants"), who have not yet been served with the Complaint, will be dismissed without requiring completion of service.

## BACKGROUND

In the Complaint, Baker asserts that while at JRDC, he was required to work in the kitchen seven days a week for only $2.00 per day in pay. Kanvin told Baker and other detainees that they are "under contract" and may not take any days off. Compl. at 3, ECF No. 1. Detainees are not allowed to decline to work, with exceptions made only for court appearances and medical care. Trinity and one of its officials, Tillman, oversee the work and enforce the bar on detainees receiving any days off. According to Baker, he worked in the kitchen every day from Saturday, August 10, 2019 to Monday, December 2, 2019.

Kitchen workers are required to wear white work boots with a label that states, "May cause cancer." *Id.* at 4. On December 2, 2019, Baker was removed from the kitchen for failing to wear the boots because of the cancer warning. As a result, he received discipline consisting of the loss of 10 days of good conduct time, a 14-day suspension from his job, and seven days of disciplinary segregation.

In a separate incident, in early 2019, Baker blacked out in the kitchen and fell on his back and on the back of his head. After an hour, Trinity personnel brought him to the medical unit, but CCS, the medical contractor, sent him back to work for the rest of that day.

Based on these allegations, Baker claims that the work requirement and schedule violate the prohibition on involuntary servitude in the Thirteenth Amendment to the United States Constitution and constitute cruel and unusual punishment in violation of the Eighth Amendment;

that the discipline imposed for refusing to wear the work boots violated his right to due process of law under the Fourteenth Amendment; and that the failure to provide adequate medical care constituted medical malpractice and violated the Eighth Amendment.

In his memoranda in opposition to the Motions to Dismiss, Baker offers new allegations, including that his administrative grievances were not properly processed. Briefs in opposition to a dispositive motion may not be used to amend a complaint or to add new claims. *See Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *Mylan Laboratories, Inc. v. Akzo, N. V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991), *aff'd*, 2 F.3d 56 (4th Cir. 1993). The Court therefore will not consider any such new allegations.

## DISCUSSION

In their Motion, the County Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that requiring Baker to work and to wear safety boots does not violate Baker's rights under the Thirteenth or Eighth Amendments, and that the discipline imposed did not violate the Fourteenth Amendment. In its Motion, CCS seeks dismissal on the grounds that Baker has failed to state a claim of deliberate indifference to a serious medical need, and that any medical malpractice claim must be dismissed because Baker failed to exhaust the administrative requirement that he first file a claim before the Maryland Health Claims Alternative Dispute Resolution Board.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is

plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II.     Work Schedule

Baker first alleges that he was required to work in the kitchen at JRDC seven days a week for only $2.00 per hour, with no days off, and that such an arrangement constituted involuntary servitude in violation of the Thirteenth Amendment or cruel and unusual punishment in violation of the Eighth Amendment. To the extent that Baker was a pretrial detainee, the Court construes the claim as asserting a violation of due process under the Fourteenth Amendment. Specifically, Baker alleges that Kanvin, at the direction of Borgese and Martin, enforced such involuntary servitude, which was compounded by punishment for refusing to wear work boots labeled as causing cancer in the kitchen. Trinity and Tillman also participated in enforcing the work requirements.

The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment of crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. A condition of confinement of a pretrial detainee may violate the Due Process Clause of the Fourteenth Amendment if it constitutes impermissible "punishment" in that it (1) "was imposed with an expressed intent to punish"; or (2) was "not reasonably related to a legitimate, non-punitive

4

governmental objective." *Hause v. Vaught*, 993 F. 2d 1079, 1085 (4th Cir. 1993). The United States Court of Appeals for the Fourth Circuit has held that pretrial detainees may be required to conduct work consisting of the cleaning of detention center common areas, to meet "general housekeeping responsibilities," without violating either the Thirteenth Amendment or the Fourteenth Amendment Due Process Clause's bar on "punishment of a pretrial detainee." *Id.*; *see also Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977) (noting that a claim that the failure to include inmates who worked in a prison hospital facility in an incentive pay program violated the Thirteenth Amendment was "obviously without merit").

Other courts have reached similar conclusions. The United States Court of Appeals for the Fifth Circuit has held that requiring an immigration detainee charged with only civil violations to work eight hours per day, every day, in a detention center's kitchen service constituted a "communal contribution" and did not violate the Thirteenth Amendment. *Channer v. Hall*, 112 F.3d 214, 219 (5th Cir. 1998); *see also Ford v. Nassau County Executive*, 41 F. Supp. 2d 392, 401 (E.D.N.Y. 1999) (holding that requiring a pretrial detainee to work in the distribution of food within a detention facility did not violate the Thirteenth Amendment). The United States Court of Appeals for the Second Circuit has concluded that a civilly committed inmate may be required to "perform, without compensation, certain chores designed to reduce the financial burden placed on a state" where the work was "of a normal housekeeping type," but allowed for the possibility that "there may be some mandatory programs so ruthless in the amount of work demanded, and in the conditions under which the work must be performed ... that a court could justifiably conclude that the inmate had been subjected to involuntary servitude." *Jobson v. Henne*, 355 F.2d 129, 131-32 (2d Cir. 1966) (denying a motion to dismiss a Thirteenth Amendment claim based on a requirement that an inmate work 16 hours per day, six days a week).

Here, Baker alleges that he and others are required to work in the JRDC kitchen preparing and serving meals, seven days a week, with shifts of eight or nine hours. Other than the involuntary nature of the work and the seven-day schedule, Baker identifies no other conditions that are claimed to violate the Constitution. Under *Hause*, such work by pretrial detainees, even if involuntary, is permissible because it is of a nature comparable to the general housekeeping work that the Fourth Circuit has deemed constitutional. *Hause*, 993 F. 2d at 1085. As alleged, the nature and schedule of work is comparable to the terms of work in *Channer* and do not approach the 16-hour days at issue in *Jobson*. *See Channer*, 112 F.3d at 219; *Jobson*, 355 F.3d at 132. Thus, the Court finds that Baker's allegations do not state a plausible claim for a violation of the Thirteenth Amendment or of impermissible punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Hause*, 993 F. 2d at 1085.

### III.  Disciplinary Proceeding

Baker also alleges that his due process rights were violated because he was charged with an infraction and disciplined for failing to wear proper footwear while working in the kitchen. Although an inmate or detainee retains rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution, so the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, before certain sanctions can be imposed, minimum requirements of due process must be satisfied, including (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing at which the prisoner has the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues;

and (5) an impartial decision-maker. *See id.* at 564-66, 570-71. Here, Baker has provided the "Notice of Infraction" which advised him of the charge, as well as records demonstrating that he received a hearing and a written decision explaining the decision. These records reflect that "some evidence" was submitted, specifically Baker's admission that he did not wear the required work boots. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Tyler v. Hooks*, 945 F. 3d 159, 171 (4th Cir. 2019) (finding due process satisfied if there was "some evidence" to support a prison disciplinary determination). Baker has not identified any legally cognizable deficiencies with the disciplinary proceedings. He therefore has failed to state a plausible due process claim based on the disciplinary proceedings and determination.

## IV.    Medical Care

Baker's claim that he did not receive proper medical care after he blacked out in the kitchen could be construed as a medical malpractice claim or a claim of deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments. Under Maryland law, however, a medical malpractice claim, may be asserted only if the plaintiff has first exhausted administrative remedies by presenting the claim to the Maryland Health Care Alternative Dispute Resolution Office. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-10 (West 2020); *Wilcox v. Orellano*, 115 A.3d 621, 625 (Md. 2015); *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (holding that this requirement applies to medical malpractice claims filed in state or federal court). Because there is no basis to conclude that Baker has satisfied this requirement, any medical malpractice claim must be dismissed.

As for a constitutional claim, for convicted prisoners, the Eighth Amendment's prohibition on cruel and unusual punishment protects them from "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (citations omitted). In order to state an Eighth

Amendment claim arising from inadequate medical care, a prisoner must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). For pretrial detainees, the Due Process Clause of the Fourteenth Amendment protects their right to receive adequate medical care. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (stating that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care" to pretrial detainees "who require it" (citation omitted)). The Fourth Circuit, while recognizing that a pretrial detainee's protections under the Constitution could arguably be "greater" than those afforded to convicted prisoners, has nevertheless adopted the deliberate indifference standard for claims by pretrial detainees of inadequate medical care. *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992) ("[P]rison officials violate detainee's rights to due process when they are deliberately indifferent to serious medical needs." (citations omitted)); *see also Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001); *Gordon v. Kidd*, 971 F.2d 1087, 1094 (4th Cir. 1992). Although the United States Supreme Court has since called into question the equivalence between the standards applied to claims by pretrial detainees and those applied to claims by post-conviction inmates in the context of claims of excessive force, *see Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015), this Court remains bound by Fourth Circuit precedent to apply the traditional deliberate indifference standard adopted in *Hill*.

Deliberate indifference to a serious medical need requires proof that, objectively, the plaintiff was suffering from a serious medical need and that, subjectively, the defendant "kn[ew] of and disregard[ed] the risk posed by the serious medical need[]." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citations omitted). The medical condition at issue must be objectively serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A medical condition is serious when it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d

8

at 241 (citation omitted). On the subjective component, "it is not enough that an official *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citations omitted).

Here, although Baker has alleged some delay in receiving medical attention after his fall and complains that he was sent back to work the same day, he has not asserted facts that would support the conclusion that either the wait before he was sent to the medical unit or the prompt return to work resulted in any objectively serious medical harm, much less that any specific personnel were subjectively aware of such harm. Moreover, where Baker has asserted this claim only against Trinity and CCS and not an individual correctional or medical staff member, such an entity may be held liable under § 1983 only to the extent that it has a custom or policy that causes a violation of the Constitution or laws of the United States, such as a policy of deliberate indifference to serious medical needs. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). Here, the Complaint does not allege, and does not provide sufficient facts to show, that CCS has such a custom or policy. Accordingly, CCS's Motion to Dismiss will be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss will be GRANTED. For the same reasons, the claims against the unserved Trinity Defendants will be dismissed. *See* 28 U.S.C. § 1915A(b) (2018). A separate Order shall issue.

Date: January 8, 2021

THEODORE D. CHUANG
United States District Judge